UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CYNTHIA A. SMITH,

                              Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              09-CV-00230S

RICCELLI BROKERAGE SERVICES, LLC and
TONY ALU, Aider and Abettor,

                              Defendants.

## I. INTRODUCTION

        Plaintiff Cynthia A. Smith ("Plaintiff"), proceeding *pro se,* commenced this

employment discrimination action by filing a Complaint in the United States District Court

for the Western District of New York.  (Docket No. 1.)  Therein, Plaintiff alleges Defendants

Riccelli Brokerage Services, LLC ("Riccelli") and Tony Alu ("Alu"), as aider and abettor,

discriminated against her on the basis of sex (female) in violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (hereinafter, "Title VII").  Construing the *pro*

*se* litigant's claims liberally, Plaintiff also alleges Defendants engaged in retaliation in

violation of Title VII and tortious interference in violation of New York State law.

        Defendants now move to dismiss Plaintiff's complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6), or, in the alternative, move for summary judgment pursuant to

Federal Rule of Civil Procedure 56.[1]  Plaintiff opposes this motion.[2]  For the reasons stated

---

[1]In support of their Motion, Defendants filed an Affidavit of Christopher J. Harrigan, Esq., with Exhibits; Memorandum of Law; Reply Affidavit of Christopher J. Harrigan, Esq., with Exhibits; Reply Memorandum of Law; and request to consider additional authority.

[2]In opposition, Plaintiff filed a Memorandum of Law, with Exhibits; Affidavit of Cynthia A. Smith; and a request to consider additional authority.  Plaintiff also requests an order compelling Defendants to respond to her interrogatories.

below, Defendants' motion is granted in part and denied in part.  Plaintiff is instructed to file an amended complaint.

## II.  BACKGROUND

**A.    Facts**

Riccelli is a trucking firm located in Rochester, NY.  (Compl., Formal Stmt. ¶ 6.) Plaintiff first subcontracted with Riccelli in June 1998 as a truck driver, and remained as such during the relevant time period.  (Compl. ¶ 4.)  On April 23, 2007, Plaintiff entered into an "Independent Contractor Agreement" ("Agreement") with Riccelli.  (Comp., Formal Stmt. ¶ 7; Defs.' Ex. A, Independent Contractor Agreement.)   The Agreement dictates that Riccelli will schedule Plaintiff's truck the day before work is to be performed, or if it does not have enough work scheduled to run Plaintiff's truck, release Plaintiff from the Agreement for that particular day.  (Defs.' Ex. A, Independent Contractor Agreement, ¶ 2.)

Alu was a general manager for Riccelli during the relevant time period.  (Compl., Formal Stmt. ¶ 5.)  On several occasions in 2007 and 2008, Alu made suggestive sexual comments to Plaintiff and requested sexual favors in exchange for work.  (Compl., Formal Stmt. ¶¶ 2,4, 8-9, 12.)  Plaintiff told Alu his comments were out of line and she did not want to hear them.  (Id. ¶ 20.)

On April 14, 2008, a driver told Plaintiff the rate for a particular job was $58.00, while Alu had promised her a rate of $65.00-$68.00 for the season.  (Id. ¶ 21.)  In response, Plaintiff called Riccelli's vice president.  (Id.)  Following the call, Riccelli's truck boss informed Plaintiff that Alu was "pissed [she] went over his head."  (Id. ¶ 22.)

On May 13, Plaintiff was informed by Bernie Levett, a Riccelli employee, that the

2

dispatcher was told "not to put on Cindy Smith's truck unless absolutely necessary."  (Id. ¶ 23.)  For a period of time, Riccelli did not have any work for Plaintiff.  (Id. ¶¶ 24-25.)

## B.    Procedural History

On or about May 23, 2008, Plaintiff dually-filed a charge with the New York State Division of Human Rights ("NYSDHR") and the EEOC, charging Defendants with discrimination on the basis of sex and retaliation.  (Pl.'s Ex., Letter from NYSDHR.)  On August 29, 2008, Plaintiff filed an amended charge alleging further discrimination and retaliation, specifically boycotting and/or blacklisting her.  (Pl.'s Ex., Amended Verified Complaint.)   On November 19, 2008, the NYSDHR issued a Determination after Investigation, finding no probable cause to believe Defendants engaged in the complained of conduct, noting that she is an independent contractor and not within the jurisdiction of the New York State Human Rights Law.  (Pl's Ex., Determination and Order after Investigation.)  The EEOC adopted the findings of the NYSDHR and issued a Dismissal and Notice of Rights on February 19, 2009.  (Pl.'s Ex, Dismissal and Notice of Rights.)

On March 9, 2009, Plaintiff commenced this action, *pro se*, by filing a Complaint with the Clerk of this Court.  (Docket No. 1.)  Defendants filed the instant Motion to Dismiss on May 19, 2009.  (Docket No. 4.)

### III.  DISCUSSION AND ANALYSIS

## A.    Conversion

" 'When matters outside the pleadings are presented in support of, or in opposition to a [Rule] 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary

judgment under [Rule] 56 and afford all parties the opportunity to present supporting material.' " Mastykarz v. Niagara Mohawk Power Corp., No. 06-CV-0641E, 2007 WL 952044 (W.D.N.Y. March 29, 2007) (citing Friedl v. City of New York, 210 F.3d 79, 83 (2nd Cir. 2000)).

A district court has complete discretion in determining whether or not to convert the motion to one for summary judgment.  Stephens v. Bayview Nursing and Rehabilitation Cntr., No. 07-CV-0596, 2008 WL 728896 at *2 (E.D.N.Y. March 17, 2008) (citing cases). The essential inquiry in exercising this discretion is whether the parties "should reasonably have recognized the possibility that the motion might be converted to one for summary judgment or [whether they were] taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleading." In re G & A Books, Inc., 770 F.2d 288, 294-95 (2nd Cir. 1985).  Notice is especially important where a party is proceeding *pro se* "and may be unaware of the consequences of [her] failure to offer evidence bearing on triable issues." Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 767 (2nd Cir. 1983) (citing cases).

Plaintiff has not been put on notice that the Court could convert Defendants' motion into one for summary judgment, and that she needed to respond to the motion in order to defeat summary judgment.  Thus, Plaintiff was unaware of the consequence of a failure to respond to that motion.  Contra Malaney v. Elal Israel Airlines, 331 Fed.Appx. 772, 774 (2nd Cir. 2009) (Defendants informed Plaintiff in their motion to dismiss that, in the alternative, they sought summary judgment, and expressly provided notice, stating, "THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT TRIAL IF YOU DO NOT RESPOND TO THIS MOTION...") (emphasis in original).  Plaintiff did not

4

submit any materials outside of those attached to her Complaint or in response to the motion to dismiss that would operate to defeat a summary judgment motion.

The Court declines to convert the motion to one for motion for summary judgment.

**B.     Motion to Dismiss**

Defendants argue that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief could be granted under Rule 12(b)(6).

**1.     Standard of Review**

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal pleading standards are generally not stringent. Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (internal quotation marks and alteration omitted).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). This is especially true when the plaintiff is a *pro se* litigant. See Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994) (holding that where plaintiff is a *pro se* litigant, the court will read his supporting papers liberally and interpret them to "raise the strongest arguments they suggest.") However, legal conclusions are not afforded the same presumption of truthfulness. See Iqbal, ___ U.S. ___, 129 S.Ct. at 1949 ("the tenet that a court must accept as true all of the

5

allegations contained in a complaint is inapplicable to legal conclusions").

The Court's responsibility on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2nd Cir. 1985). A court shall grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim[s] which would entitle her to relief." Gregory v. Daly, 243 F.3d 687, 691 (2nd Cir. 2002) (quoting Conley v. Gibson, 335 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In reaching its determination, a court's review must be limited to the complaint and documents attached or incorporated by reference thereto. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

**2. Title VII Discrimination and Retaliation Claims**

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex. . ." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, sexual harassment, including demands for sexual favors either in return for employment benefits or under a threat of adverse employment action, may constitute illegal sex discrimination. Meritor Savings Bank v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986).

In addition, Title VII prohibits employers and labor organizations from discriminating against an employee for making a charge, testifying, assisting, or participating in an investigation or proceeding. 42 U.S.C. §§ 2000e-3(a).

Defendants argue that Title VII protects only employees, not independent contractors, thus Plaintiff's Title VII claims must fail. (Defs.' Memo., pp. 4-5.) Plaintiff

argues that Title VII's protection extends to independent contractors under certain circumstances.  (Pl.'s Memo., p. 2.)

"In order to prevail on a Title VII [ ] claim, a plaintiff must prove the existence of an employment relationship," as Title VII protects only "employees," not independent contractors.  Stetka v. Hunt Real Estate Corp., 859 F.Supp. 661, 665 (W.D.N.Y. 1994) (citing Matthews v. New York Life Insurance Co., 780 F.Supp. 1019, 1024 (S.D.N.Y. 1992)).

The Supreme Court directs that "where a statute containing the term 'employee' does not helpfully define it, the common law agency test should be applied."  Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992). Under this test, the primary focus is on the "hiring party's right to control the manner and means by which the product is accomplished."  O'Connor v. Davis, 126 F.3d 112, 115 (2nd Cir. 1997) (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52, 109 S.Ct. 2166, 2178-2179, 104 L.Ed.2d 811 (1989)).  The Supreme Court has set out several factors to consider including:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in that business; the provision of employee benefits; and the tax treatment of the hired party.

Id. (quoting Reid, 490 U.S. at 751-52, 109 S.Ct. at 2178-2179).

No one factor is decisive, as "all of the incidents of the relationship must be

7

assessed and weighed." <u>Frankel v. Bally, Inc.</u> 987 F.2d 86, 90 (2nd Cir. 1993). "[T]he determination of whether a plaintiff is an employee or an independent contractor is a question of law, while the existence and degree of the legal factors to be considered are questions of fact." <u>Brock v. Superior Care, Inc.</u>, 840 F.2d 1054, 1059 (2nd Cir. 1988).

Plaintiff does not allege she is an employee of Riccelli. Rather, she states that she was an independent contractor who subcontracted under Riccelli. For instance, in her Complaint, Plaintiff crossed out the word "employed" and wrote that she was "subcontracted" by Riccelli in June 1998. (Compl., p. 2.) In her formal statement attached to her Complaint, Plaintiff states, "Yes, I am an independent contractor," and ". . . it is not fair that just because I subcontracted under Riccelli, that I should not be protected with the same rights as anyone else, i.e.: an employee." (Compl., Formal Statement ¶¶ 49-50, 52.)

However, Plaintiff alleges in her formal statement that:

> "While I was working under Riccelli, they had full control over my daily activities. Where I was going, how long I worked, what company I worked for, what I was hauling, when I could leave, when I would start, etc. Everything that occurred on the job, was under their control. Yes, I own the truck, but it is under hire with Riccelli, as shown in the attached contract."

(Compl., Formal Statement ¶ 54.)

Plaintiff does not provide evidence supporting her conclusion that Riccelli controlled the manner and means by which her work was completed. She refers to the Agreement, which provides that Plaintiff make her truck available to Riccelli on a daily basis, unless it does not have enough scheduled work, in which case she is released from the Agreement for that particular day. (Defs.' Ex. A, Independent Contractor Agreement.) The Agreement does not shed any light on the factors announced by the Supreme Court listed above, and

Plaintiff does not provide any other supporting documents.  Without more, the Court is unable to conclude whether Plaintiff was an independent contractor or employee for purposes of Title VII.

In addition, if Plaintiff would like the Court to consider her retaliation claim as separate and distinct from her tortious interference claim, she must set forth factual allegations supporting that claim.

### 3.    Aiding and Abetting

Plaintiff alleges that Alu aided and abetted in Riccelli's discrimination against her. (Compl., pp. 4-5.)  Defendants argue that Title VII does not have a provision regarding aiding and abetting liability for individuals, thus the claim against Alu should be dismissed. (Defs.' Memo., p. 5.)   Plaintiff does not respond to Defendants' argument in her memorandum of law, thus it appears she concedes there is no aider and abettor liability under Title VII.

Noting the differences between Section 296(6) of the New York State Human Rights Law[3] and Title VII, it is clear that Title VII does not provide for aider and abettor liability. See Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2nd Cir. 1995) (Holding that, unlike Title VII, New York State Human Rights Law § 296(6) imposes liability on individual employees under the aider and abettor provision of the statute.).

Plaintiff's claim against Alu for aiding and abetting is dismissed.

### 4.    Tortious Interference

Plaintiff alleges Alu engaged in tortious interference and tortious misconduct by

---

[3]"It shall be unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."  N.Y. Exec. Law. § 296(6).

damaging her business relationship with Riccelli.  (Compl., p. 4.)  It appears the basis of her claim is tortious interference with business relations under New York law.

To state a claim for tortious interference with business relations, Plaintiff must show:

> (i) the plaintiff had business relations with a third party; (ii) the defendants interfered with those business relations; (iii) the defendants acted for a wrongful purpose or used dishonest, unfair, or improper means; and (iv) the defendants acts injured the relationship.

Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 214 (2nd Cir. 2002); see also, Goldhirsh Group, Inc. v. Alpert, 107 F.3d 105, 108-09 (2nd cir. 1997).

Defendants argue Plaintiff's claim cannot survive the motion to dismiss because Plaintiff cannot meet the third party requirement.  (Defs.' Reply, p. 7.)  They argue that Alu allegedly interfered with Riccelli, which is a co-defendant whom he works for, and therefore cannot be considered a third party.  (Id. p. 8.)  In addition, the alleged improper interference was directed at Plaintiff, not a third party.  (Id. pp.7-8.)  Furthermore, they contend that as general manager, it is within Alu's scope of employment to assign or not assign work to Plaintiff.  (Id. p. 8.)

Indeed, Plaintiff does not allege she had business relations with a third party. Furthermore, she does not allege Alu took any actions towards a third party.  Rather, Plaintiff argues that Alu intentionally and improperly convinced the dispatcher at Riccelli not to give her work.  (Pl.'s Memo., p. 5.)  Plaintiff's allegations are not enough to state a claim for relief on the ground of tortious interference with business relations.  Defendants' motion to dismiss is granted as to Plaintiff's tortious interference claim.

**C.      Leave to Amend**

Under Federal Rule of Civil Procedure 15(a), the Court may grant leave to amend when justice so requires.   Leave should be freely given, especially where, as here, a plaintiff is proceeding *pro se*.   Frazier v. Coughlin, 850 F.2d 129, 130 (2nd Cir. 1988).

Given the Plaintiff's *pro se* status and the general liberality in allowing *pro se* parties leave to amend their pleadings, the Court grants Plaintiff leave to include factual allegations in the complaint in order to correct certain deficiencies in her Title VII claims. No new claims or facts shall be included.  Plaintiff shall file her amended complaint by June 28, 2011.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to Plaintiff's claims for aiding and abetting under Title VII and tortious interference under New York law, and denied as to Plaintiff's claims for discrimination and retaliation under Title VII.

## V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 4) is GRANTED in part and DENIED in part.

FURTHER, that Plaintiff shall file her amended complaint by June 28, 2011.

SO ORDERED.

Dated:  May 20, 2011
          Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

11